**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN MCLAUGHLIN;<br>CHARLES A. MICEWSKI,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>MICHAEL FISHER; GERALD<br>PAPPERT; BRUCE SARTESCHI;<br>DAVID KWAIT; ROBERT VON SCIO;<br>JAMES CAGGIANO,<br><br>　　　　Defendants. | CIVIL ACTION No. 3:00-CV-0521<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Now before the Court is the Defendants Fisher, Pappert, Sarteschi, Kwait, Von Scio, and Caggiano's Motion for Bill of Costs (Doc. 180) (the "Motion"). For the reasons discussed below, the Motion will be granted in part and denied in part. As a result, Defendants will be awarded costs of six-thousand six-hundred eighty dollars and forty cents ($6,680.40).

## **BACKGROUND**

At the time litigation was commenced in this case, Plaintiffs were investigators for the Pennsylvania Attorney General's Bureau of Narcotics Investigations and Drug Control ("BNI"). At the onset of this litigation each of the Defendants worked in the Office of the Attorney General ("OAG") of the Commonwealth of Pennsylvania. Defendant Michael Fisher was the elected Attorney General and was the Attorney General during the course of the Trial.[1]

---

[1] On December 9, 2003, the Honorable D. Michael Fisher was appointed as a Judge of the United States Court of Appeals for the Third Circuit and continues

Defendant Gerald Pappert was the First Deputy Attorney General of the Commonwealth of Pennsylvania, assuming that title in January 1997.  Defendant David Kwait was the Chief of the Office of Criminal Investigations, Criminal Law Division, and had held that position since January 1997.  Defendant James Caggiano was the Deputy Chief of the BNI's Criminal Law Division, and had served in that position since June 1997.  Defendant Bruce Sarteschi served as the Director of Human Resources for the OAG, a position he held since 1980.  An additional Defendant that has since been dismissed from the case, Charles Warner was the Assistant Deputy Chief of the BNI, and served in that position starting in January 1998.  From May through December 1997, Warner served as Director of the OAG's Philadelphia office of the BNI.   Warner reported to Defendant Kwait, who reported to William F. Ryan, Chief of the Office of Criminal Law.

On October 14, 1997, Plaintiffs McLaughlin and Micewski, along with Dennis McKeefery, filed the action entitled McLaughlin v. Watson, et al., No. 1:CV-97-1555 (M.D. Pa.).  Plaintiffs alleged that the defendants in that case impeded their law enforcement efforts and destroyed their careers by engaging in a conspiracy to protect a Dominican Republic drug organization with ties to a Dominican political party.

In November 1997, Plaintiffs were transferred from their positions as narcotics agents in Philadelphia to other positions.  On October 2, 1998, Plaintiffs

---

to serve there.

filed the present action in the United States District Court for the Eastern District of Pennsylvania, alleging that the transfers were made in retaliation for the filing of the first lawsuit.  This action was transferred to the United States District Court for the Middle District of Pennsylvania on March 30, 2000.  (Doc. 1.)

On September 14, 2001, I granted Defendants' motion for summary judgment regarding Plaintiff Dennis McKeefery, and dismissed McKeefery from this action.  (Doc. 17.)  I denied Defendants Fisher, Pappert, Warner, Sarteschi, Kwait, and Caggiano's motion for summary judgment on May 20, 2002.  (Doc. 33.)  The case was tried in Wilkes-Barre, Pennsylvania the week of February 3 through 7, 2003.  At the close of Plaintiffs' case, Defendants moved for judgment as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure.  The Court granted Defendants' motion for judgment as a matter of law as to Defendant Warner and dismissed Defendant Warner from the case.  Defendants' motion for judgment as a matter of law was otherwise denied.  (Doc. 55.)  On February 7, 2003, the jury returned a verdict for the plaintiffs, awarding them a total of $1.5 million in compensatory and punitive damages.  (Docs. 59-60.)  Judgment was then entered in favor of Plaintiffs and against Defendants Fisher, Pappert, Sarteschi, Kwait, and Caggiano.  (Docs. 61-70.)

Defendants appealed this Court's Order denying Defendants' motion for judgment as a matter of law to the Third Circuit Court of Appeals.  On May 1, 2008, the Court of Appeals issued an Order reversing this Court's denial of the Defendant's motion for judgment as a matter of law and granted the motion in favor of the Defendants. (Doc. 182.)  Plaintiffs then filed a Petition for Reargument

in the Court of Appeals. Defendants filed the Motion currently under consideration on June 4, 2008, seeking six-thousand seven-hundred ninety-five dollars and ninety cents ($6,795.90) in costs from Plaintiffs. (Doc. 180). Plaintiffs submitted their Objections to the Bill of Costs ("Objections") on June 13, 2008. (Doc. 181.)

## DISCUSSION

The Court will first address Plaintiffs' argument that the Defendants' Motion for Bill of Costs has been prematurely filed. Plaintiffs' argument is based on the continuing activity in the Third Circuit Court of Appeals, and contends that, because the Court of Appeals has not issued an order on the Plaintiffs' Motion for Reargument, the Defendants are not yet prevailing parties in this case. Plaintiffs offer no cases in support of their argument, but the Court does find decisions staying consideration of fees and costs until the final resolution of an appeal. See *Local 827 Int'l B'hood of Elec. Workers v. Verizon N.J., Inc.,* No. 02-1019, 2006 U.S. Dist. LEXIS 56453, at *12-13 (D.N.J. Aug. 3, 2006); *1st Westco Corp. v. Sch. Dist. of Phila.*, No. 91-2727, 1993 U.S. Dist. LEXIS 5025, at *1 (E.D.Pa. Mar. 17, 1993).

However, the Court agrees with the Eastern District of Pennsylvania's decision in *In re Unisys Corp. Retiree Medical Benefits ERISA Litigation* which says that the weight of authority says that the usual course for Courts is to consider fees "promptly after the merits decision rather than stay [fee petitions] until resolution of the appeal." No. 03-3924, 2007 WL 4287393, at *2 (E.D.Pa. Dec. 4, 2007). In *Unisys*, the Court correctly notes that "a number of courts have

4

found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period of time." *Id.*  This understanding is also supported in cases arising in the Middle District of Pennsylvania.  Notably, when denying a motion to stay a fee decision until resolution of an appeal in *McCloud v. City of Sunbury*, the Court stated that "[w]e do not recall any instance where we have stayed a motion for attorney's fees and expenses pending the outcome of an appeal."  No. 04-cv-2322, 2006 WL 449198, at *1 (M.D.Pa. Feb. 23, 2006).  Accordingly, the Court finds no merit in Plaintiffs' argument that Defendants' motion was prematurely filed.

The Court will now address the Plaintiffs' objections to the nature and amount of costs included in Defendants' Motion.  Pursuant to 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>    (1) Fees of the clerk and marshal;
>    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>    (3) Fees and disbursements for printing and witnesses;
>    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>    (5) Docket fees under section 1923 of this title;
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendants' Motion requests two-hundred fifty-five dollars ($255.00) in "Fees of the Clerk" and six-thousand five-hundred forty dollars and ninety cents ($6,540.90) for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case."  (Doc. 180.)

Plaintiffs object to the costs included in Defendants' Motion on the grounds

5

that "defendants have not established that securing these depositions were necessary for the [sic] use in this case." (Pl.'s Objections to Bill of Costs, Doc. 181, at 3.)  Sections (2) and (4) of 28 U.S.C. § 1920 "authorize taxing as costs the expenses of taking, transcribing and reproducing depositions. Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115 (6th Cir. 1989).  A similar discussion of "necessarily obtained" is provided by the Eastern District of Pennsylvania in *Fitchett v. Stroehmann Bakeries*. No. 95-284 1996 U.S. Dist. LEXIS 1168 (E.D.Pa. Feb. 1, 1996).  In this case, the Court distilled several general, guiding principles for determining when depositions were necessarily obtained:

> First, transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary.  Second, the party requesting the costs need not introduce the deposition at trial. Rather, the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. [...] Third, the deposition must have been taken for more than just the convenience of the deposing attorney.

*Id*. at *8-9 (citations omitted).

Plaintiffs' Objection to Defendants' Motion specifically lists three depositions of non-parties, those of Michael Stiles, William Raquet, and Daniel Bodan, as being unnecessary for use in this case. (Objections to Bill of Costs, Doc. 181, at 3.)  Accordingly, the Court will review each of these depositions in turn to determine if they meet the *Sales* and *Fitchett* standards discussed above.

6

At the time of the filing of this case, and at the time of his deposition, Michael Stiles was the United States Attorney for the Eastern District of Pennsylvania. (Transcript of Deposition of Michael R. Stiles held on 10/8/99, Doc. 99.) In his deposition, Mr. Stiles was asked and testified about numerous topics, most notably investigations of the Plaintiffs that were conducted by Mr. Stiles's office. Portions of Mr. Stiles's deposition were later presented to the Court as part of Defendants' Motion for Summary Judgement. (App'x of Exhibits, Ex. J, Doc. 30.) Given Mr. Stiles's position, the nature of his testimony, and the subsequent use of his testimony, the Court determines that his deposition was reasonably necessary for this case.

At the time of the filing of this case, and at the time of his deposition, William Raquet was the Agent in Charge of the Internal Affairs Unit in the Office of the Attorney General in the Commonwealth of Pennsylvania. In his deposition Mr. Raquet was asked and testified about various employment investigations that his office had conducted relating to the Plaintiffs in this case. While the Court does not find any specific use of Mr. Raquet's deposition testimony in the many documents submitted in this case, the Court does determine that Mr. Raquet's position and the nature of his testimony, especially in the context of Plaintiffs' employment retaliation case, render his deposition reasonably necessary.

Daniel Bodan was deposed on April 9, 1999. Unlike the deposition testimony of Mr. Stiles and Mr. Raquet, Mr. Bodan's deposition testimony has not been entered into the docket for this case. Further, the Court does not find any specific use of Mr. Bodan's deposition testimony in the case's submitted

documents. Without either the deposition testimony or some reference clarifying how Mr. Bodan's testimony was used in this case, the Court cannot reach a determination that his deposition was necessary.

The Plaintiffs' Objections to Defendants' Motion specifically questions the Stiles, Raquet, and Bodan depositions because the respective deponents were not parties to the action. (Objections to Bill of Costs, Doc. 181, at 3.) Plaintiffs do not make any specific objection to the costs associated with the depositions of parties to this case. The Court will, accordingly, assume that Plaintiffs concede that the submitted costs for depositions of parties in this case are reasonable and necessary.

Plaintiffs' final objection to Defendants' Motion argues that Plaintiffs should not be liable for the filing fees and transcripts required for Defendants' appeal to the Third Circuit Court of Appeals. Courts have found that a fee arising from the appeals process is "clearly a taxable cost." *King v. Gowdy*, No. 02-cv-75136, 2008 U.S. Dist. LEXIS 32755, at *10 (E.D. Mich. Apr. 22, 2008). In the current case, the Defendants prevailed upon appeal. Accordingly, Defendants' satisfaction of the appropriate filing procedures set by the Court of Appeals, including payment of the required filing fee and provision of a trial court transcript, were necessary costs for reaching the case's current outcome

## CONCLUSION

Because the Court cannot determine the reasonableness and necessity of the Daniel Bodan deposition from the case record, and because the Defendants

offer no further support showing that this deposition was a necessary cost, Defendants' Motion is denied with respect to the one-hundred fifteen dollars and fifty cents ($115.50) of costs submitted for this deposition.

Because the Court finds that the remaining submitted costs are reasonable, necessary to the case, and sufficiently documented, Defendants' Motion is granted with respect to the remaining costs and Defendants are awarded six-thousand six-hundred eighty dollars and forty cents ($6,680.40).

An appropriate order follows.


| | |
|---|---|
| September 9, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCLAUGHLIN;<br>CHARLES A. MICEWSKI,<br><br>    Plaintiffs,<br><br>       v.<br><br>MICHAEL FISHER; GERALD<br>PAPPERT; BRUCE SARTESCHI;<br>DAVID KWAIT; ROBERT VON SCIO;<br>JAMES CAGGIANO,<br><br>    Defendants. | CIVIL ACTION No. 3:00-CV-0521<br><br>(JUDGE CAPUTO) |

## ORDER

Now, this  9th  day of September, 2008, it is **HEREBY ORDERED** that Defendant's Motion for a Bill of Costs (Doc. 180) is **DENIED** in part and **GRANTED** in part.  Defendants are awarded $6,680.40 in deposition costs, transcript costs and filings fees.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge