# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. McLAUGHLIN and CHARLES MICEWSKI,  Plaintiffs  v.  MICHAEL FISHER, GERALD PAPPERT, BRUCE SARTESCHI, DAVID KWAIT, and JAMES CAGGIANO,  Defendants | CIVIL ACTION NO. 3:00-CV-521  (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendant Michael Fisher's Motion for Judgment as a Matter of Law. (Doc. 184.) For the reasons discussed more fully below, the Motion will be granted.

## BACKGROUND

The factual background of this case was outlined by the Court in a previous Memorandum Order (Doc.139), and need not be delved into in detail again. The instant suit essentially involved retaliation claims made by Plainitiffs, working in the Philadelphia office of the Pennsylvania Office of the Attorney General ("OAG") as narcotics agents, against Defendant Fisher, who at the time was the Pennsylvania Attorney General, and other senior staff members of the OAG.

Plaintiffs filed the instant suit on October 2, 1998, alleging they had been transferred in retaliation for an earlier lawsuit they had brought, which had alleged that Defendant Fisher and others had conspired to ruin Plaintiffs' careers by engaging in a conspiracy to protect a drug organization with ties to the CIA. The Court denied Defendants Motion for Summary

Judgment on May 33, 2002 (Doc. 33), and, at the close of the jury trial, Defendants jointly moved for Judgment as a Matter of Law, under Fed. R. Civ. P. 50.  The Court granted the Motion only as to Defendant Warner, and on February 7, 2003, the jury returned a verdict for the Plaintiffs and awarded them $1.5 million (one-million five-hundred thousand dollars) in compensatory and punitive damages.  The remaining Defendants then renewed their joint Motion for Judgment as a Matter of Law. (Doc. 73.)

On March 7, 2005, the Court denied the Motion, and ordered a new trial as to Defendant Fisher, unless each Plaintiff remitted $75,000.00 (seventy-five thousand dollars) in excess punitive damages against Defendant Fisher. (Doc. 139.) Plaintiffs refused to remit the excess punitive damages and the Court placed the case as to Defendant Fisher on the trial list.  Defendants then moved to have the judgment against Defendants Pappert, Sarteschi, Kwait, and Caggiano certified as final pursuant to Fed. R. Civ. P. 54(b) and to stay the trial relating to Defendant Fisher pending the outcome of their appeal to the Third Circuit. (Doc. 146.)

The Court granted that Motion (Doc. 162), and on May 1, 2008, the Third Circuit reversed the Court's Order of March 7, 2005 and granted the Motion for Judgment as a Matter of Law as to Defendants Kwait, Caggiano, Sarteschi, and Pappert. (Doc. 182.)  In finding insufficient evidence to support the jury verdict for the Plaintiffs, the Third Circuit dismissed the two bases of this Court's denial of the Judgment as a Matter of Law: (1) the temporal proximity between Plaintiffs' transfers and their alleged protected activity and (2) the "totality of circumstances" supporting causation between the original lawsuit and the transfers.

Since the Motion for Judgment as a Matter of Law that was denied by this Court in its

Order of March 7, 2005 was filed jointly by all Defendants, including Defendant Fisher, he argues that the Third Circuit ruling granting the original Motion for Judgment as a Matter of Law is equally applicable to him. The unopposed Motion has been briefed and is ripe for review.

## DISCUSSION

Defendant Fisher's Motion for Judgment as a Matter of Law will be granted.

Fed. R. Civ. P. 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Furthermore, Fed. R. Civ. P. 50(e) states:

> If the court denies the motion for judgment as a matter of law, the prevailing party may, as appellee, assert grounds entitling it to a new trial should the appellate court conclude that the trial court erred in denying the motion. If the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment.

The action of the District Court upon remand of a case by the Circuit Court following an appeal is governed by the "mandate rule." The Third Circuit has explicated this rule as follows:

> It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. A trial court must implement both the letter and spirit of the mandate, taking into account the

3

> appellate court's opinion and the circumstances it embraces. *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir.1985) (citations omitted). The rule ensures "careful observation of [the] allocation of authority" established by the three-tier system of federal courts which "is necessary for a properly functioning judiciary." *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1508 (11th Cir.1987).

*Casey v. Planned Parenthood of Southeastern Pa.*, 14 F.3d 848, 857 (3d. Cir. 1994).

Applying the mandate rule, Defendant Fisher claims that, since the Third Circuit reversed the Court and granted the joint motion for Judgment as a Matter of Law, the Court should now enter judgment for him, since Defendant Fisher was a party to the original Motion which the Third Circuit ruled should have been granted. Furthermore, Defendant argues that, in its ruling reversing this Court and granting the Motion for Judgment as a Matter of Law, the Third Circuit rejected both bases for the Court's denial of Judgment as a Matter of law made by all Defendants, including Defendant Fisher. The Third Circuit held that the temporal proximity between Plaintiffs' transfers and their original lawsuit was not unusually suggestive of an improper retaliatory motive on the part of the Defendants and that the totality of circumstances was insufficient to support causation between the suit and the alleged retaliatory actions. The Court agrees with Defendant Fisher's arguments, and the Motion will be granted.

## **CONCLUSION**

For the reasons stated above, Defendant Fisher's Motion for Judgment as a Matter of Law (Doc. 184) will be granted. An appropriate order follows.

| | |
|---|---|
| 12/16/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. McLAUGHLIN and CHARLES MICEWSKI,<br><br>　　Plaintiffs<br><br>　　　　v.<br><br>MICHAEL FISHER, GERALD PAPPERT, BRUCE SARTESCHI, DAVID KWAIT, and JAMES CAGGIANO,<br><br>　　Defendants | CIVIL ACTION NO. 3:00-CV-521<br><br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this ___16th___ day of December, 2010, **IT IS HEREBY ORDERED** that

Defendant Fisher's Motion for Judgment as a Matter of Law (Doc. 184) is **GRANTED**.

　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　United States District Judge